Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

_Rhode Island_ Division

| | |
|---|---|
| _Stephen Sylvia_ | ) Case No. _____ |
| Plaintiff(s) | ) (to be filled in by the Clerk's Office) |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) |
| -v- | ) Jury Trial: *(check one)* ☒Yes ☐No |
| _State of Rhode Island_ | ) |
| Defendant(s) | ) |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) |

## COMPLAINT FOR A CIVIL CASE

### I.     The Parties to This Complaint

**A.     The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | _Stephen Sylvia_ |
| Street Address | _19 Hezekah dr._ |
| City and County | _Warren_ |
| State and Zip Code | _RI   02885_ |
| Telephone Number | _401. 339. 4952_ |
| E-mail Address | _SSylvia575@g.rwu.edu_ |

**B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

    Name                         State of Rhode Island

    Job or Title *(if known)*

    Street Address              150 South Main Street

    City and County           Providence

    State and Zip Code        RI   02903

    Telephone Number        401. 274. 4400

    E-mail Address *(if known)*

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.      Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☒ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.      If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Violation of constitutional and civil rights obstruction of justice. State is not allowing me to present evidence of fabricated evidence, prosecutorial misconduct, perjury by law enforcement in a PCR motion filed in 2018 no judge assigned not able to get a hearing ② state denying a civil suit to be heard against Defense attorney

### B.      If the Basis for Jurisdiction Is Diversity of Citizenship

John M. Cullie For attorney malpractice
PM-2021-01095 Filed 2.8.2021
PC-2017-5948 Filed 2.11.2017

1.      The Plaintiff(s)

a.      If the plaintiff is an individual

The plaintiff, *(name)* _____, is a citizen of the

State of *(name)* _____ .

b.      If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated

under the laws of the State of *(name)* _____ ,

and has its principal place of business in the State of *(name)*

_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.      The Defendant(s)

a.      If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of

the State of *(name)* _____ . Or is a citizen of

*(foreign nation)* _____ .

b.      If the defendant is a corporation

The defendant,  *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.      The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

$ 150,000.⁻ for obstruction of Justice, Violation
of Constitutional and Civil Rights

## III.      Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

1. Bristol Police fabricated Evidence used to charge, Convict, ~~Sentence~~ me.
2. Perjury by law enforcement, Prosecutor Kevin Hogan
3. Prosecutorial misconduct
4. Atty. malpractice established in prior PCR Hearing       Filed 2.8.2021
5. State is not Allowing a Second PCR Hearing based on Above FACTS
6. State has not allowed a Civil Suit against Defence atty John Cicilline

## IV.      Relief   Filed 2.11.2017

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff seeks Compensatory and punitive Relief
in the Amount of $ 150,000.⁻ for facts stated
herein, and deliberate obstruction of Justice
in Constitutional and Civil Rights

## V.      Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.      For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        7. 13. 2022

Signature of Plaintiff

Printed Name of Plaintiff      Stephen Sylvia

### B.      For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

### Forensic Drug Chemistry
### 50 Orms Street, Providence, RI 02904
### (401)222-5567 / Fax (401)222-6064

| | | |
|---|---|---|
| Laboratory Case | : FC 05-3342 Report 1 | Report Date 9/14/2005 |
| Department | : Bristol Police Dept.//B | Page 1 of 1 |
| Case Number | : 05-464-AR | |
| Case Officer | : ST.PIERRE | |

Case Names: HALE, BRENNAN

Submitted : 8/5/2005 10:44:32 AM to Tom Tremblay by STEVEN CALENDA

**Exhibit Description(s) and/or Analysis**

**Item 01**       The following evidence was submitted:

Exhibit 1    **twenty seven bags containing powder.**

*Results and Observations*

           **Positive Cocaine and/or its salts (Schedule II).**

           **powder from two bags were analyzed.**

Exhibit 2    **container with greenish brown
           material.**

*Results and Observations*

           **Positive Cannabis (Marijuana).**

LAB
Results
Copies

Affirm that this document is a true report
the analysis that I performed.

Subscribed and sworn to before me under
the penalties of perjury.

rincipal Forensic Scientist
ichael Liberto, B.S.

Paul Iwuc    9/14/05

Notary
Paul Iwuc

3

Entered: 07/18/2005 @ 2355      Entry ID: CALS
Modified: 07/18/2005 @ 2342    Modified ID: CALS

## STATEMENT OF DEFENDANT

7/18/2005  Time:        Bristol Police Station
*************************************************************************
Name: Brennan A. Hale
Date of Birth : 2-14-83   Age: 22   SSN: 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
Address  148 Bradford St. Apt. 2 Bristol RI:  , Ph# 253-1016

   I, Brennan Hale , MAKE THE FOLLOWING STATEMENT AFTER HAVING
BEEN ADVISED OF MY CONSTITUTIONAL RIGHTS.

I GIVE UP MY RIGHT TO REMAIN SILENT.

I DO NOT WANT A LAWYER PRESENT AT THIS TIME.

I WANT TO TALK TO THE POLICE.

I AM DOING THESE THINGS VOLUNTARILY AND WITHOUT THREATS OR PROMISES BY
MEMBERS OF THE BRISTOL POLICE DEPARTMENT.
*************************************************************************
*BAH*
Q.  Please tell me if you have been advised of your constitutional rights?
*BAH*
A.  I have.
*BAH*
Q.  Please tell me if you understood your constitutional rights?
*BAH*
   I did.
*BAH*
Q.  Please tell me if you signed the rights form Detective Calenda presented to
you?
*BAH*
A.  I did.
*BAH*
Q. Is it correct you have been arrested for possession with intent to deliver
COCAINE?
*BAH*
A.  It is.
*BAH*
Q.  Please tell me how you took possession of the COCAINE you were arrested for?
*BAH*
A. On saturday, 7-16-05, I talked to a fried of mine Steve Silvia asking him how
I could make some money.  Silvia stated why don't I push some "COKE".  Initially
I thought it was not a good idea, but I really did not have any other options.  I
told him if he could get it to let me know.  The next day, Sunday 7-17-05 Silvia
called me and told me he had some "COKE" for me and if I wanted it we could meet
up.  Around 6:30 PM., I went to his house, I went inside, and he brought it to me
while I was in the living room. Initially I had asked for a half ounce and I
would have to pay him $500.00.  He gave me 25 grams which is more than a half
ounce, Silvia told me we would work out the difference later.
*BAH*
Q.  Please tell me where you were going to sell the COCAINE?

...  I was going to sell some to my room mates friends and probably go to the
Topside.

*BAH*

Entered: 07/18/2005 @ 2353     Entry ID: CALS
Modified: 07/18/2005 @ 2342     Modified ID: CALS

August of 2004

Q.  Is it correct Detective Calenda showed you a picture of a male you identified as Joe Diamond?

A.  Yes it is.

Q.  Is it correct Detective Calenda identified this male as Joseph Machado, the same one you identified as Joe Diamond?

A.  Yes it is.

Q.  Is it correct you stated another customer of Gutierrez was identified as John John?

A.  Yes it is.

Q.  Is it correct Detective Calenda showed you a picture of a male identified as John Almeida?

A.  Yes it is.

Q.  Is it correct John Almeida is the same person you identified as John John?

A.  Yes it is.

Please tell me if you know Almeida to sell COCAINE?

A.  I know he would run it for Gutierrez, I am not sure what else he did.

Q.  Please tell me if Gutierrez associated with other dealers?

A.  I am not sure, but while inside the office, he would have a guy standing in the room.  He was about 6'6, 280 lbs, white male, identified as Rick, shaved head, older guy, would drink in Andy's bar in Warren RI.  If you said something stupid the big guy would hit you, he never hit me.

Q.  Please tell me if you know who supplies Gutierrez with COCAINE?

A.  He is Dominican, drives a black expedition, Rhode Island plates, did not see anything else.  I was with Gutierrez twice and I saw the expedition.  They met on Broad St Providence, the other time was way out in Warwick.

Q.   Please tell me when you were going to pay Silvia?

A.   He did not tell me a time, I assumed two weeks.

Q.   Please tell me who was in the vehicle when you got arrested?

A.   Steve Silvia, Melissa Malik, and Aaron Sheedy, who is my room mate.

Q.   Please tell me who supplies Silvia with COCAINE?

A.   John Gutierrez, the owner of Cafe LaFrance.

Q.   Please tell me if Gutierrez ever supplied you directly with COCAINE?

A. Yes, between August 2004 and December 2004, I use to work at Cafe LaFrance. While I was an employee, I would deliver COCAINE to numerous customers for Gutierrez.

Q.   Please tell me how often you would make deliveries for Gutierrez?

A.   About 5 times a week, sometimes 2 a day, other times nothing.

Q.   Please tell me where Gutierrez would store his COCAINE?

     Inside his office filing cabinet, top draw, sometimes inside the safe.

Q.   Please tell me the last time you observed COCAINE located inside Cafe LaFrance?

A.   December of 2004.

Q.   Please tell me if you have ever been to Gutierrez's residence?

A.   Yes.

Q.   Please tell me how many times and when was the last time?

A.   Twice, the last time was around November of 2004.

Q.   Please tell me the largest amount of COCAINE you observed while in the presence of Gutierrez?

A.   About the size of a football, it was inside a bowl.

Q.   Please tell me the largest amount of COCAINE you delivered for Gutierrez?

A.   Five ounces.

Q.   Please tell me who you delivered the five ounces to?

     A guy named Joe Diamond.

Q.   Please tell me when you delivered the five ounces?

Entered: 07/18/2005 @ 2333        Entry ID: CALS
Modified: 07/18/2005 @ 2342        Modified ID: CALS

Q.   Please tell me if Gutierrez sells any other narcotics?

A.   Marijuana and Ecstasy

Q.   Please tell me if you would like to add anything to your statement?

A.   Not at this time.


Officer _____

Witness _____

Signature

| CASE #  05-464-AR | BRISTOL POLICE DEPARTMENT PROPERTY FORM | VERIFICATION |
|---|---|---|

| OWNER: Brennan Hale | OFFICER: StSP | BADGE #33 |
|---|---|---|
| ADDRESS:  9 Charlotte Dr Bristol RI | DATE/TIME: 07/18/05 | |
| | ARRESTEE: Brennan Hale | |
| PHONE: 401 253-8286   D.O.B.  02/14/83 | D.O.B.: 02/14/83 | |

**CHECK APPROPRIATE CATEGORY(S)**

[X] EVIDENCE    [x] NARCOTICS/DRUGS    [ ] PROPERTY    ☐ KNOWN ☐ UNKNOWN

| ITEM # | QUANTITY | DESCRIPTION (COLOR, SIZE, MAKE, ETC.) | SERIAL # |
|---|---|---|---|
| 1 | 27 | 27 clear plastic bags with a white powdery | |
| | | substance inside beleived to be cocaine | |
| 2 | 1 | 1 clear plastic container with a brownish | |
| | | green substance inside beleived to be marijunan | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| PLACED IN EVIDENCE LOCKER NO.   #4 | PLACED IN SECURED EVIDENCE: |
|---|---|
| BY: STPS   DATE: 07/18/05   TIME: | BY:                    DATE: |

REASON FOR **FINAL** DISPOSITION

AUTHORIZING OFFICER:                                                      DATE:

| # | OFFENSE(S) | | A/C | STATE LAW | |
|---|---|---|---|---|---|

| 1 | MANUFAC/POSS/DELIVER COCAINE-1OZ-1KG<br>OCCURRED: 07/18/2005    1957<br>CRIMINAL ACTIVITY: Distributing/Selling | C | 21-28 | 4.01.1(A)(2) |
| 2 | POSSESSION OF MARIJUANA-1st OFFENSE<br>OCCURRED: 07/18/2005    1957<br>CRIMINAL ACTIVITY: Possessing/Concealing | C | 21-28 | 4.01(C)(1)(b) |

| # | PERSON(S) | PERSON TYPE | SEX | RACE | AGE | SSN | PHO |
|---|---|---|---|---|---|---|---|
| 1 | SYLVIA, STEPHEN A<br>33 ANNAWAMSCUTT DR<br>BRISTOL RI 02809<br>DOB: 10/15/1983<br>EMPLOYER: QUITO'S SHELLFISH COMPANY · 401-253-4500 | PARTICIPANT | M | W | 21 | 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 | 401- |
| 2 | MALIK, MELISSA M<br>23 HEZEKIAH DR<br>WARREN RI 02885<br>DOB: 04/11/1982 | PARTICIPANT | F | W | 23 | 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 | 401- |
| 3 | SHEEDY, AARON<br>15 CENTRAL ST<br>WARREN RI 02885<br>DOB: 01/25/1986 | PARTICIPANT | M | W | 19 | 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 | 401- |
| 4 | REBELLO, MEGAN E<br>12 HAMPDEN RD<br>BRISTOL RI 02809<br>DOB: 06/21/1983<br>EMPLOYER: MHHS | OTHER | F | W | 22 | 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 | 401- |

| VEHICLE(S) | | YEAR | MAKE | STYLE | COLOR1 | COLOR2 | REG | VALUE |
|---|---|---|---|---|---|---|---|---|
| 1 | | 2001 | CADI | | GRY | | RI OD838 | $15,000. |

STATUS: Suspected
OWNER: HALE, BRENNAN A                                     DATE: 07/18/2005
VIN: 1G6KD54Y31U193137

| # | DRUG(S) | PROPERTY # | STATUS |
|---|---|---|---|
| 1 | 27 SMALL CLEAR BAGS CONTAINING  COCAINE/MARIJUANA | 05-354-PR | Seized (Not Previously Stolen) |

QUANTITY: 1.000 (Not Available at This Time) VALUE: $0.00
POSITIVE FIELD TEST                    LAB#: FC 05-3342          DATE: 07/18/2005
OWNER: HALE, BRENNAN A                                 ANALYSIS: Positive for co

| # | OTHER PROPERTIES | PROPERTY # | STATUS |
|---|---|---|---|
| 1 | CASH | 05-357-PR | Seized (Not Previously Stolen) |

QUANTITY: 1
SERIAL #: NOT AVAIL          VALUE: $382.00
DATE: 07/18/2005
OWNER: HALE, BRENNAN A

## # OFFENSE(S)

| | | A/C | STATE LAW | |
|---|---|---|---|---|

1   MANUFAC/POSS/DELIVER COCAINE-1OZ-1KG
          OCCURRED: 07/18/2005    1957          C      21-28          4.01.1(A)(2)
          CRIMINAL ACTIVITY: Distributing/Selling

2   POSSESSION OF MARIJUANA-1st OFFENSE
          OCCURRED: 07/18/2005    1957          C      21-28          4.01(C)(1)(b)
          CRIMINAL ACTIVITY: Possessing/Concealing

## # PERSON(S)

| | | PERSON TYPE | SEX | RACE | AGE | SSN | PH |
|---|---|---|---|---|---|---|---|
| 1 | SYLVIA, STEPHEN A<br>33 ANNAWAMSCUTT DR<br>BRISTOL RI 02809<br>DOB: 10/15/1983<br>EMPLOYER: QUITO'S SHELLFISH COMPANY · 401-253-4500 | PARTICIPANT | M | W | 21 | 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 | 401 |
| 2 | MALIK, MELISSA M<br>23 HEZEKIAH DR<br>WARREN RI 02885<br>DOB: 04/11/1982 | PARTICIPANT | F | W | 23 | 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 | 401 |
| 3 | SHEEDY, AARON<br>15 CENTRAL ST<br>WARREN RI 02885<br>DOB: 01/25/1986 | PARTICIPANT | M | W | 19 | 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 | 401- |
| 4 | REBELLO, MEGAN E<br>12 HAMPDEN RD<br>BRISTOL RI 02809<br>DOB: 06/21/1983<br>EMPLOYER: MHHS | OTHER | F | W | 22 | 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 | 401- |

## # VEHICLE(S)

| | YEAR | MAKE | STYLE | COLOR1 | COLOR2 | REG | VALU |
|---|---|---|---|---|---|---|---|
| 1 | 2001 | CADI | | GRY | | RI OD838 | $15,000. |

STATUS: Suspected
OWNER: HALE, BRENNAN A                              DATE: 07/18/2005
VIN: 1G6KD54Y31U193137

## # DRUG(S)

| | | PROPERTY # | STATUS |
|---|---|---|---|

1  27 SMALL CLEAR BAGS CONTAINING  COCAINE/MARIJUANA
          QUANTITY: 1.000 (Not Available at This Time) VALUE: $0.00            Seized (Not Previously Stolen)
          POSITIVE FIELD TEST                        05-354-PR                 DATE: 07/18/2005
          OWNER: HALE, BRENNAN A                     LAB#: FC 05-3342          ANALYSIS: Positive for c

## # OTHER PROPERTIES

| | | PROPERTY # | STATUS |
|---|---|---|---|

1  CASH
          QUANTITY: 1                      05-357-PR                    Seized (Not Previously Stolen)
          SERIAL #: NOT AVAIL      VALUE: $382.00
          DATE: 07/18/2005
          OWNER: HALE, BRENNAN A

50 ORMS ST., PROVIDENCE, RI 02904-2283; ROOM 306
401-222-5600, TTY 1-800-745-5555
HOURS: M-F, 8:30 a.m. - 4:30 p.m.
(appointment required for special requests)

| DRUGS | |
|---|---|
| TOX/DUI | 222-5565 / FAX |
| BIO/DNA | 222-5535 / 222-5517 FAX |
| BREATH | 222-5551 / 222-6985 FAX |
| EVIDENCE | 222-5570 / 222-6064 FAX |

# EVIDENCE EXAMINATION REQUEST AND RECEIPT

| SUSPECT (S) | | SUBMITTING AGENCY | COUNTY | AGENCY CASE NUMBER |
|---|---|---|---|---|
| 1 - | Brennan Hale | Bristol Police | | 05-464-AR |
| 2 - | | ARRESTING OFFICER | | DATE OF OCCURRENCE |
| | | Ptlm Steven St. Pierre | | 07/18/05 |
| 3 - | | INVESTIGATING OFFICER | | PHONE NUMBER |
| | | | | 253-6900 |
| 4 - | | JUVENILE CASE | FEDERAL CASE | SUPPLEMENTAL SUBMISSION TO CASE #: |

| VICTIM | DATE OF BIRTH | OTHER |
|---|---|---|
| | | |

| *THIS BOX MUST BE COMPLETED FOR DUI CASES ONLY* | | |
|---|---|---|
| SUSPECT ADDRESS | | DATE OF BIRTH |
| TIME OF APPREHENSION | MEDICAL PERSON COLLECTING SAMPLE | MEDICAL PERSON'S PLACE OF EMPLOYMENT |

| ITEM # | DESCRIBE EACH ITEM SUBMITTED | REQUEST |
|---|---|---|
| 1 | 27 clear plastic bags containing a white powdery substance beleived to be cocaine | cocaine |
| 2 | 1 clear plastic container with a brownish green leafy substance inside beleived to be marijuana | marijuana |

| LABORATORY # / DATE / TIME | GROSS WEIGHT | SUBMITTED BY (PRINT NAME): |
|---|---|---|
| | | SUBMITTED BY (SIGNATURE): |
| [FOR LABORATORY USE ONLY] | | *I ACKNOWLEDGE RECEIPT OF EVIDENCE PURPORTED TO BE AS DESCRIBED ABOVE.* RECEIVED BY (SIGNATURE OF AUTHORIZED LABORATORY PERSON): |

Providence County

State of Rhode Island vs   Brennan A Hale

Case No:  P2-2006-0205A

### JUDGMENT AND DISPOSITION

On the date(s) below came the attorney for the State and the defendant, who appeared in person and by counsel, before the justice of the Superior Court named below.

Prosecutor: Andrew G Muccigross
Defense Attorney(s): David A Cannon

**IT IS ADJUDGED** that the defendant, having entered a plea or having been found guilty as charged of the offense(s):

Count 1: Poss Sch I-V Control, Plea Of Nolo Contendere, Sentenced By Magistrate McAtee, 14-Mar-2006

    Deferred 5 Years
    Tasc
    Substance Abuse Counseling
    Community Service 100 Hours
    Total Assessments  $996.00

Count 2: Poss Marijuana/1st Off, Plea Of Nolo Contendere, Sentenced By Magistrate McAtee, 14-Mar-2006

    Deferred 5 Years  Concurrent

and the Court, having asked the defendant whether he/she has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court,

**IT IS ADJUDGED** that the defendant is guilty as charged.

TRUE COPY ATTEST

_____        _____        _____
Clerk                              Justice, Superior Court             Date

Disposition                              23-MAR-2006 12:51 PM

Entered: 10/28/2005 @ 2101       Entry ID: CALS
Modified: 10/28/2005 @ 2111   Modified ID: CALS

POLICE NARRATIVE

I swear that the facts which follow are true to the best of my knowledge:

_(signature)_

On 7/18/05 at approximately 1955hrs Ptlm Silvia advised me that he had observed RI OD838 travelling north on Hope St in front of his marked police cruiser. Ptlm Silvia advised that he observed the vehicle leaving an area known for drug activity on Wood St near Bradford St. Ptlm Silvia advised that the vehicle was occupied by four adult parties, and that the two passengers seated in the rear seat of the vehicle kept looking back at his cruiser. Ptlm Silvia advised that the vehicle was travelling cautiously at approximately 20mph in posted 30mph zone before making an abrupt turn off Hope St into the Bristol Express parking lot. Ptlm Silvia then turned off Hope St and onto Asylum Rd to enable him to further observed the vehicle. At this time Ptlm. St.Pierre took a position on Hope St at the Defiance Fire Station, north of Ptlm Silvia's location. Ptlm Silvia advised that the vehicle quickly left the Bristol Express parking lot at a faster pace that it had been previously travelling. Ptlm Silvia advised that the vehicle headed north again on Hope St, and Ptlm. St.Pierre observed the vehicle pass his location and immediately slowed down upon coming into view of my marked police cruiser while travelling northbound on Hope St. As the vehicle came into my view Ptlm. St.Pierre observed the female passenger seated in the rear passenger side seat, later identified as Melissa Malik, observe his position and tap the front seat passenger on his right shoulder with her right hand. The front seat passenger, later identified as Brennan Hale, then looked quickly in Ptlm. St.Pierre's direction and made a quick motion to his left ,moving his right arm across his body towards the center console of the vehicle and then motioning back between his legs, bending forward with his arms reaching downward. The vehicle continued north on Hope St travelling cautiously at approximately 20mph in a posted 35mph zone, and then made a right turn against the posted, clearly visible, red traffic light east on Gooding Ave failing to make a complete stop at the stop line for the red traffic light on Hope St, and rolling through the stop line. Ptlm. St.Pierre activated his emergency lights and pulled the vehicle to the side of the road on Gooding Ave at Hope St. Ptlm Silvia then arrived at my location and pulled his marked cruiser behind my marked patrol car.

As Ptlm. St.Pierre approached the driver's door of the vehicle he observed the front passenger of the vehicle again reach beneath his seat by moving his right arm between his legs under his seat, and then quickly sitting up straight and glancing over his left shoulder in my direction. When Ptlm. St.Pierre reached the driver's door of the vehicle he detected an odor consistent with the smell of burned marijuana. Ptlm. St.Pierre observed the driver of the vehicle, known to be Stephen Sylvia, to be reaching into the glove box of the vehicle from which he retrieved the vehicle registration. Ptlm. St. Pierre asked Sylvia to exit the vehicle and step to the rear of the car , while instructing the remaining occupants to place their hands in clear view in front of them and to remain seated in the vehicle. Ptlm. St,Pierre conducted a pat down search of Stephen Sylvia for officer safety after which he was observed by Ptlm Silvia. Stephen Sylvia appeared nervous and was speaking in a rapid manner and looking around to his left and right at passing traffic as he exited the vehicle and was searched for officer safety. I then asked Hale to exit the front passenger seat of the vehicle, which he did without hesitation. Ptlm. St.Pierre asked Hale why he had been reaching down under his seat and he stated that he was trying to retrieve the vehicle registration from the glove box. When Ptlm. St.Pierre asked him why Stephen Sylvia had retrieved the paperwork from the glove box, he became silent. Hale appeared white in the face and he was sweating heavily as evidenced by the beads of sweat dripping down his face from under his baseball cap. Ptlm. St.Pierre conducted a pat down search of Hale and detected a square plastic case in Hale's front left pocket, which Hale described as a box of Tic Tacs. Hale smelled of an odor consistent with the smell of marijuana, stronger than

```
                 Entered:  10/28/2005 @ 2101        Entry ID:  CALS
                 Modified: 10/28/2005 @ 2111        Modified ID:  CALS
```

the smell detected from the driver side of the vehicle. Hale was then also transferred to Ptlm Silvia's observation. Ptlm. St.Pierre then asked Malik to exit the vehicle, which she did. Malik was wearing a pair of jeans and a halter top which made it readily evident that she was not concealing an weapons on her person. When Malik exited the vehicle she was holding a cellular phone raised in her right hand which she dropped on the roadway as she exited the vehicle. Malik was allowed to retrieve the phone from the ground beside the vehicle, and took it back into her possession.  Malik was then also transferred to Ptlm Silvia's observation. Ptlm. St.Pierre asked the rear driver side passenger, identified as Aaron Sheedy, to exit the vehicle. Ptlm. St.Pierre conducted a Pat Down Search of Aaron's person and he was also transferred to Ptlm Silvia' observation. Ptlm. St.Pierre checked the front passenger seat of the vehicle and upon opening the front passenger door of the vehicle Ptlm. St.Pierre observed a clear plastic bag containing numerous individually wrapped smaller bags filled with a white powdery substance, which later field tested positive for cocaine, located just under the front passenger seat of the vehicle in clear view from inside the vehicles cabin. Ptlm.St.Pierre brought Stephen Sylvia to the front of the vehicles cabin on the passenger side where he observed the cocaine where it lay. Sylvia then stated in an unprompted utterance "that's not mine, I have no idea where that came from, or who that belongs to". Ptlm. St.Pierre approached Hale and placed him in handcuffs without incident. Ptlm. St.Pierre read Hale his Miranda rights witnessed by Ptlm Silvia.  Hale stated that the  cocaine had been in his possession but that he was "holding" it for someone. Hale refused to comment on "who" he was holding the cocaine for. Hale was then secured in the rear of my patrol car, and a more thorough search of the vehicle was conducted. During this search I located $332.00 in both large and small bills in a center compartment of the vehicle between the driver and front passenger seats, and approximately 12 inches from where the cocaine was located. A set of keys were observed on top of the money  found inside the compartment, and Hale identified the keys as belonging to him, but denied that the money belonged to him. After the search of the vehicle was complete and no further contraband detected Sylvia, Malik, and Sheedy were returned to the vehicle. Sylvia was informed that he was stopped for failing to stop at the red light at the intersection of Hope and Gooding, and released from the scene along with the vehicle, as circumstances surrounding the nature of the narcotics arrest, and subsequent potential investigation were such that officers needed to clear the vehicle and suspect from the scene in a timely manner. Ptlm. St.Pierre  transported Hale, the seized money,  and cocaine to HQ. The cocaine and money was  logged as evidence and placed in locker #4. An inventory search of Hale's person found that the Tic Tac container in Hale's left front pocket contained a green leafy  vegetative substance which field tested positive for marijuana. Hale's property was logged and Hale was secured in cell#1. Ptlm. St.Pierre contacted Stephen Sylvia via telephone and asked him to respond to HQ to receive is summons. Upon Sylvia responding to HQ he received a traffic summons for obedience to traffic control devices. At this time Sylvia asked if $82.00 had been seized from his vehicle. I informed Sylvia that the money along with the cocaine had been seized as evidence. Sylvia stated that he was only aware that $82.00 was present inside the vehicle and that he was not aware that any other money was located in the vehicle. Sylvia could not explain however, why the total amount of money seized was located under Hale's keys, and all in one location. Sylvia was informed that all the money seized would be entered as evidence. Hale was processed by Sgt Moy and remained at HQ for his court appearance on 7/19/05.

   Detective Calenda (Bristol Police Department Narcotics Officer) was advised of Hale's arrest, responded to headquarters, and obtained a detailed statement from Hale.  Hale's statement is attached to this report.

Signed and sworn to before me at Providence on the _9_ day of _January_

A.D. 20_06_ .

_SAAG_

*Patricia*

06

P

2

): P2-2006-0205A     **Description:** BRENNAN HALE

**Date:** 23-JAN-2006

al **Case ID:** 62-2005-13209

ant **Name:** BRENNAN A HALE                           **Police Dept:** BRISTOL POLICE DEPARTMENT

.0068319        **Date of Birth:** 14-FEB-1983        **Incarcerated:**

s: 36 CHURCH STREET

    WARREN            RI      02885

E **ATTORNEY:** DAVID A CANNON

JTOR: ANDREW G MUCCIGROSSO

## Charge Information

**Count:** 1   21-28-4.01-c2i **POSS SCH I-V CONTROL**

**Offense Date:** 18-JUL-2005

**Charge Text:**

**Disposition:**    PLEA OF NOLO CONTENDERE

| | |
|---|---|
| **Sentence:** | DEFERRED |
| **Term:** | 5      Years |
| **Start:** | 14-MAR-2006 |
| **Judge:** | MAGISTRATE  MCATEE |
| **Text:** | |

| | |
|---|---|
| **Sentence:** | TASC |
| **Term:** | 0      Years |
| **Start:** | 14-MAR-2006 |
| **Judge:** | MAGISTRATE  MCATEE |
| **Text:** | |

| | |
|---|---|
| **Sentence:** | SUBSTANCE ABUSE COUNSELING |
| **Term:** | 0      Years |
| **Start:** | 14-MAR-2006 |
| **Judge:** | MAGISTRATE  MCATEE |
| **Text:** | |

| | |
|---|---|
| **Sentence:** | COMMUNITY SERVICE 100 HOURS |
| **Term:** | 0      Years |
| **Start:** | 14-MAR-2006 |
| **Judge:** | MAGISTRATE  MCATEE |
| **Text:** | |

| | |
|---|---|
| **Sentence:** | TOTAL ASSESSMENTS |
| **Term:** | 0      Years |
| **Start:** | 14-MAR-2006 |
| **Judge:** | MAGISTRATE  MCATEE |
| **Text:** | $996.00 |

**Count:** 2   21-28-4.01-c2ii/M **POSS MARIJUANA/1ST OFF**

     **Offense Date:** 18-JUL-2005

  **Charge Text:**



395 METACOM AVENUE   ❖   BRISTOL, RHODE ISLAND 02809
TELEPHONE (401) 253-6900



RUSSELL S. SERPA
Chief of Police

On 7-18-2005, Brennan Hale provided your affiant with a written statement indicating Stephen Sylvia delivered an ounce of COCAINE to him and they both conspired to sell said COCAINE.  According to Hale, on 7-16-05 Sylvia suggested if Hale needed to make money he could sell COCAINE.  Hale stated he was interested and on 7-17-05 Hale went to Sylvia's residence and received an ounce of COCAINE.  Originally it was supposed to be a ½ ounce; Sylvia indicated the difference of money and weight would be made up at a later date.  Sylvia indicated to Hale he would need $900.00 in return after the ounce was sold.  Your affiant prays that a warrant be issued for Stephen Sylvia as he was in violation of 21-28-4.01.1(A) (2) and 11-6-1 of the Rhode Island general laws as amended.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Affiant
Detective Steven P. Calenda

NEWPRT
. . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Subscribed and Sworn to Before Me at (City / Town)

7/26/05
. . . . . . . . . . . . .
Date

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Judge of the District Court,

Justice of the Superior Court
Any authorized officer



# WP | a word processing service bureau

# Outsource

December 12, 2017

Superior Court
Rhode Island State Courts
Providence, Rhode Island

To Whom It May Concern:

This is to verify that on December 12, 2017, my office was retained by Mr.

Stephen A. Sylvia to transcribe a recording of a meeting held on November 20,

2017, with attorney Kevin Hagan at his office in Newport, RI.

I can certify that the Word Document herewith attached of that meeting was

transcribed by this office and submitted to Mr. Sylvia and honestly reflects the

recording that I was given.

Very truly yours,

Cynthia R. Kirby
Owner/Principal

2 Riverside Drive, Tiverton, RI 02878
401-742-2655   *   Fax: 401-816-0231
www.wpoutsource.com     wpoutsource@yahoo.com

Transcription for Stephen A. Sylvia
401-649-0477

Meeting with Kevin Hagan at his office
On November 11, 2017 at
105 Memorial Boulevard
Newport, RI 02840
401-649-0477

SAS - Identified as Stephen A. Sylvia
KH - Identified as Kevin Hagan

SAS   Let me be fair and start of and tell you that you are the prosecutor.

KH   Oh, is that right. Ok

SAS   In 2005, I was pulled over with four people in the car.

KH   Yep.

SAS   The defendant in that car, when we got pulled over...

KH   ...Can you print me the document

SAS   I have everything here

KH   You do, Let me see

SAS   ...that  file post release myself on November 15

KH   You did...ok

SAS   'Cause nobody, nobody at all would help me. That whole packet is

everything. Actually it's in the blue clip right there.

1

KH   That's not my signature on the waiver of information. It's definitely not my signature....I can show you the Judgement Summary....I can figure out a lot just from what you have here. John Cicilline wrote this...

SAS   He did. He also represented me in 2003, that's why there some paperwork that happened in 2003, and I brought those to show the motions that he filed for me on my behalf in 2003 when I admitted to the charge. In 2005, when I vividly stated multiple times that I was not guilty of that, he didn't file one motion in four months besides and extension because he was not ready.

KH   In 2005?

SAS   Correct.

KH   Did you file a motion for post-conviction relief on both cases?

SAS   No. Only on the 2005.

KH   So it's ineffective assistance of counsel in your basis for your seeking post-conviction relief?

SAS   Correct. Conflict of interest.

KH   What was the conflict of interest?

SAS   The conflict of interest has to relate to the Mason and the Ison for which John Cicilline pleased the 5th to planting evidence to bribe the court officials

KH   ...you mean that afterwards. Didn't John Cicilline...wasn't that after...

2

SAS   Well, he pleaded the 5th on the grounds in 2006, but the cases went from 2004, 2005, and he went to court in 2005 on the Mason and pleased the 5th. His own case went to 2008.

KH   Ok. But what does that have to do with your case? 'Cause John represented a lot of people during that time period.

SAS   Correct. My conflict of interest is that he didn't sign or ask me to sign a consent form, being that he was working with the DA, the same DA from Bristol that was prosecuting my case was Steve Collenda. He didn't tell me that he was going to go on the stand and pointing people out. He didn't tell me that he was charged with cocaine and manipulating the court system while he was representing me. I would have….

KH   Oh, I see…

SAS   I don't want a lawyer like that.

KH   Do you think he is required to disclose…

SAS   Yes he is. It's the law that he has to. There's a proper….

KH:   But is it a conflict of interest, though? In other words, how would that impair, ostensibly impair his representation of you?

SAS   Um, the rules of conduct, I mean…

KH   No…he began to adjudicate of misconduct at that point

3

SAS   But he eventually was convicted, so then you can back-track it to if he was

representing me…

KH   I'm not aware of any situation where that's been done.

SAS   How could he be confident if he was doing this. He's not that…

KH   Yeah,  yeah, I know, I hear you…

SAS   But That's not the whole thing of my case. I don't even have to…If you

don't think that's the fighting way to go about it, I don't that that is, I think think

the facts of my case is enough to dismiss it.

KH   Yeah, but the facts…Didn't you admit, when you plead Nolo Contendere on

both occasions…

SAS   But he also told me that the co-defendant was in the judge's chambers.

KH   What do you mean he was in the judge's chambers?

SAS   …he was in the judge's chambers and was going to go on trial against me.

That's what he told me and my whole family.

KH   To which you did a plea of Nolo Contendere?

SAS   Correct…

KH   Was that true?

SAS   No

KH   How can you disprove, how can you disprove that?

SAS   Because I also brought…

4

KH    Do you have an affidavit from Hale?

SAS   No.

KH    You would need it.

SAS   What I have is, when I go out to the elevator, …there was four people in the

car. I had everybody else with me, they cam with me in my car to that court date. I

had about thirty or forty people of my family with me at that court date. We all

thought it was trial. John told us it was trial. When I showed up he told me that I

had to take it because Brendan Hale was inside the judge's chambers. Now when I

read that myself eight months ago when I got to the Pawtucket Judicial Building

KH    And that's the 2005…

SAS   Correct…

KH    The judgment conviction says that I was the prosecutor of 2005.

SAS   Correct

KH    So I'd be a witness.

SAS   Ok.

KH    … but don't have any independent recollection of that at all, but, I would be

a witness. Your BCI, when was this from? Oh, 2003, that why it doesn't list in the

2005 case.

SAS   The facts of the case…

KH    …You remember me?

5

SAS   No, no

KH   …cause it doesn't even remotely ring a bell.

SAS   Everything was so crazy. My brother had just passed away. My grandfather

had just passed away, and my wife…who is now my wife was pregnant. Now my

father adamantly told me not to take that plea.

KH   He did.

SAS   Oh, absolutely.

KH   …and the only reason you did was 'cause you thought that you were

scheduled for trial?

SAS   I thought it was trial. Everybody thought it was trial. But there is no way it

could have been a trial, you know why, cause now that I read all that, he never

subpoenaed or asked to subpoena any of the witnesses that wanted to come with

me. So how in the world were the two people that I brought that day, that were

witnesses in that car, how were they going to go on the stand.

KH   Well let's look at that 'cause you were on the docket, let's see what it says.

Was it a violation period as well as a…

SAS   Well, now that I read it, it was a violation…

KH   Yeah.

SAS   …which definitely wasn't trial.

KH   Right, but let's see…2005…you waived your right to a violation hearing. You were declared to be a violator. Were you continued on the same sentence, on the 2003 case?

SAS   I believe I was.

KH   Yeah, I would imagine so. Who was the judge?

SAS   Procaccini

KH   Judge Procaccini, November 9, 2005.

SAS   Correct

KH   What was the sentence imposed?

SAS   Possession with over an ounce of cocaine.

KH    What was the sentence?

SAS   Ten years and two to serve…

KH   How much cocaine was it?

SAS   Alleged over an ounce.

KH   How much over an ounce?

SAS   It doesn't say.

KH   You don't know? You don't know that?

SAS   No.

KH   Cause that a really good…objectively speaking, just not knowing everything, if you looked at it…was a great deal, a great deal, one of the most

lenient judges in the whole state. If it was Judge Nugent…nine years…ten years. I mean, I'm just saying, looking at it objectively.

SAS   Procaccini told me that actually, if I hadn't brought in the…it's in the transcript, I believe which is on the very back of that, because I also got the transcript, he stated that if I didn't have so many people in the court  that were family members that he had never seen so many people show up that I would have been sentenced to a  lot more years was his statement.

KH   In 2005, who did I….

SAS   Now my biggest problem with the case is, when I got pulled over, the passenger lifted up his butt and threw the clear white bag of cocaine…

KH   Have you ordered the transcript of the Plea …of 2005?

SAS   The transcript? …at the bottom …at the bottom of the page…at the back of the whole thing.

KH   Karen Casarette was the stenographer. You have to keep going all the way to the back. It's the last thing.

SAS   Now the two patrolling officers that pulled us over…

KH   That's not a transcript…

SAS   Oh, the actual one.

KH   Yeah.

SAS   Oh the actual real one.

KH    You don't have that?

SAS   The actual real one Phil Dimitri has right now, because I've asked him to take this case. He just hasn't gotten back in a timely manner, and I've just asked about four or five other people…

KH    He just finished a murder trial.

SAS   No, no, I know.

KH    This doesn't…this waiver information in 2005, that doesn't look like my signature. I know my signature. That looks like Judge Procaccini's signature. And that's definitely John Cicilline's signature.

SAS   That's why I want you to know the facts.

KH    That just doesn't look like…the reason why I wanted to see the transcript of the plea is because was I actually there, because I don't recall this at all. Not one bit. Usually I have a pretty good…

SAS   It was also a long time ago,

HK    Naw, I don't recall it at all.

SAS   So the facts of the case, when I got pulled over, the two officers in the car that pulled me over, seen the passenger throw the cocaine underneath the passenger seat.

HK    But those things…those are related…your argument is ineffective assistance of counsel, Right?

9

SAS   I've actually put...if you read,,, I've actually done a lot of different counsel on that

HK   Yeah, ok, but it all goes back to how you were represented, doesn't it.

SAS   I was also charged with a crime that...

HK   You're saying that he didn't subpoena ...he didn't cross examine Brendan Hale?

SAS   He didn't do anything.

HK   Well, of course not because it was a plea, right?

SAS   In four months? In four months he didn't do anything...

HK   Well, you can't depose a witness in a criminal case, and you can't cross examine a witness in a criminal case before the trial. There's no mechanism for that.

SAS   Well, why would he subpoena the rest of the people in the car to get their witness statements?

HK   You mean interviewed them or something?

SAS   Yeah, why wouldn't he try to deposition them?

HK   Yeah, he didn't investigate thoroughly.

SAS   But you can't cross examine and subpoena people unless there's a trial.

HK   You filed this already? This is not...you're on the wrong track on a lot of this stuff.

SAS   I know I was charged possession for the day…I was charged with the

cocaine for the day before the traffic stop that the kid admitted to having.

HK   When you plead Nolo Contendere you waive your right to a trial.

SAS   If you're competent and make an intelligent…

HK   Yeah, so isn't your better argument…aren't you trying to attack the

voluntary, the knowing intelligent and voluntary nature of the plea, itself?

SAS   I do attack that on the last page of the list of issues.

HK   First of all, one thing about me is I don't represent people in cases regarding

the incompetence of another lawyer, and John's a friend of mine. So I

wouldn't…it's just not something I would do to begin with. I'd be surprised if Bill

Dimitri would do it as well. You know, um, and you're going to have a

tough…There are lawyers that handle cases like this. Like Richard Ratcliff comes

to mind. He's at Ratcliff, Burke, Harten & Elias in Providence. He handles

malpractice cases against attorneys. I'm a criminal defense lawyer, so any criminal

defense lawyer is going to have a relationship with John. You almost need to go to

the next level on that, I think.

SAS   Do you think that I should have been charged for that possession for the day

before the traffic stop. Now the kid admitted to having it, and was seen having it.

He admitted it in the police station…all these charges were dropped.

HK    Ok. But it doesn't matter, 'cause you already entered Nolo Contendere. If you want to argue those, you would have had a trial. Only you can say…when the judge says, "Do you…this is what we allege that Stephen Sylvia did.. and then the judge looks at you and says do you admit that. And you're the one that has to say yes.

SAS   And I did say yes And I was also told that this was a trial and that Brendan Hill was in the judge's chambers.

HK    Ok…and if that wasn't true…

SAS   Of course it was…

HK    Can we prove that?

SAS   Why can't I get a deposition from the two witnesses? They were with me. They had to get a ride home with God knows who cause I went to jail.

HK    Ok. You can't depose witnesses in a criminal case. There's no rule for it.

SAS   How can I prove it? This is absolutely ridiculous. There has to be a way.

HK    I don't know. I don't know. I wish I could answer that question.

SAS   How in the world, if he admitted to it and saying he admitted to it and signed an affidavit saying that, why would they charge me with it the day before, and drop the charges on him? Does that make sense?

HK    No, no, the way you…it doesn't make sense.

12

SAS   But you can read it and the statement says that exact things. It's right there, that's the page with the police officer's statements.

KH   Who's this narrative from Collenda?

SAS   There's a narrative there from Collenda, and that one right there…one of the officers…if you turn the page, that's the meat of the next one. That one doesn't say much. It's the next one. On the next page, and I'm sorry, but when I photo copied it, I guess I kind of moved the paper so it kind of slanted, but I mean, it is readable. (Long pause while KH is reading).

HK   So what was your question again after reading this.

SAS   My question is that there is more than enough evidence that Brenden Hale was the one that possessed that so how…

HK   Yeah, it a constructive possession case. Right?

SAS   Yeah. But I was charged the day prior to that, and I don't mean to be facetious when I say this but, how in the world…

HK   Did they, prior…

SAS   Yeah, that date right there is 7/18 when that…when he was…

HK   I know

SAS   But they charged me on July 19.

HK   Why July 19?

13

SAS   His court date was July 19. Brenden Hale's court date for those charges was July 19, and from there on his charges were dropped.

HK   Why do you think that that happened?

SAS   Well, because two days after that arrest right there

HK   You all got released from the scene?

SAS   The two cops that pulled me over said that they seen him lift up his butt and throw it underneath the seat. They clearly seen him do it, and they asked me if I…

HK   You would have been released because they were trying to exact cooperation from more and more of you. Right?

SAS   They released us three in the car, they arrested Brenden Hill that day, which was 7/18, set the court 7/19…

HK   And Hale's case was dismissed?

SAS   I cannot find a single thing out.

HK   …because he cooperated and said it belonged to you.

SAS   Supposedly, because there's not an affidavit in there signed by Brenden Hale. There's only a statement…

HK   …why would there be an affidavit…

SAS   I was just wondering, should there be a statement signed by him? Would it make it an official statement?

HK   Did you get discovery?

14

SAS   Everything that I have from that discovery is right there. That's all there is and it's only a statement from the detective.

HK   Yeah. Yeah.

SAS   Now I was told that possibly that the Attorney General's office might have more information, but that is…

HK   Maybe…

SAS   …that is every single document

HK   Yeah, they might. If you file a Motion For Post-Conviction in a civil case, then you're filing against the state of Rhode Island. Right? So if you can exchange discovery, you can request documents that they have in their possession and vice versa. This is weird….

SAS   …it was the day before…everyone is telling me…

HK   It looks to me like

SAS   I know the biggest problem…

HK   Who represented Hale?

SAS   Nobody! Two days later this jamolk two days later asks me to him and Collenda at a softball field, and I looked at him and said, "I'm not going to help you. And he goes, "You were in the car, and he's like who was this drug dealer, this guy, John, he goes, John knows that I was arrested, but knows that you weren't. He's like, I want you to help me and get some cocaine off of him, so I can

15

get off.  I said, are you out of your marble? I don't want no part of that. What

happens later…now I don't ever talk to that kid again, cause I'm old school. What

I did was I went right to the softball team. I told everybody on the softball team

what he had just told me. As soon as he came walking up the softball field…

HK    Why didn't he provide what you're asking him?

SAS   Correct, but…

HK    …a written statement indicating that Stephen Sylvia deliverer an ounce of

cocaine to him and they all conspired to sell…and Hale's case was dismissed?

SAS   It says he had court on the 19th and there was never another court date.

There's nothing in the computer system.

HK    Interesting. You know there's a witness against you.

SAS   Current?

HK    Yes

SAS   I guess so.

HK    In fact, he was the material witness.

SAS   How reliable is he. He was lying all the time…

HK    Those are all the things you can explore in a trial, like weren't you trying to

save your own ass, yes, of course, you can cross examine a witness about that.

SAS   …which John Cicilline didn't do or try to do or try to do a single thing. Now

I also went to Robert Mann prior before Cicilline, and Robert Mann told me while

16

I was in the conference with my parents that I was going to have to rat on these charges because it was going to be a violation on the other one…on the 2003 case, and I told him that regardless of ratting or not I was not going to snitch someone out. I got up, I walked out, and I left my parents in there. Now I told John Cicilline this, and he goes, "I'll take your case, 'cause this is going to be a slam. This is easy, we'll be out in five minutes. Five minutes means to me walking in and going to jail. Now when I told him I wanted no part of being a confidential informer for him and Collenda, a month later I was arrested.

HK   Of course, it's going to be your word against John's. That's it. That's the whole case.

SAS   So I can't bring witnesses…

HK   You can, you can call any witnesses you want.

SAS   Would I be able to call the two kids in the car?

HK   Sure, but they might invoke the Fifth Amendment

(Here I think a call is coming into the telephone that is recording and as a result the conversation is very inaudible)

HK   …(Conversation Gap) ….for a new trial…plea vacated for a new trial.

SAS:   I wouldn't go to jail again.

HK   If you were convicted of a crime you would.

SAS   How…that's double jeopardy. If I just went to jail for it and I've already

spent the time…

HK   No if they take a conviction.

SAS   Ok, but I still went to jail. Who's vacating the time I spent already?

HK   Oh, no, no, no, that's, yeah, no, that's true. You've already served. There are

different kinds of post-convictions. They can vacate the conviction. They can

vacate the conviction and give you a new trial.

SAS   Well, I don't see…could they give me a new trial?

KH   Yes, they could.

SAS   …if I already went to jail for it.

KH   Yes, they could. You'd get credit for the time that you've served, but yeah,

I've seen that. The last post-conviction relief that I've handled was…actually the

conviction was vacated. It was a child molestation case, and this defendant

was…had already served five years at the ACI and was going to be retried, and

then he pled to a lower offence and got credit for the five years that he had already

served. But he could have gone to trial again and gotten more time. Sure

SAS   Even when my probation and all that stuff is over on this case?

KH   It's possible.

SAS   I'm still going to fight it again. I was wanted to go to trial the first time and I

was willing to say that he was wrong, and that this wasn't…

18

KH    Bill Dimitri, would be… you know Richard Ratcliff I just know is an attorney in Providence, You know, Richard Ratcliff, he's an attorney that handles stuff like this, you know, because a lot of attorneys are reluctant to, you know, be in an adversarial position with another lawyer that they…I certainly wouldn't do it.

SAS   …to spite the fact that it's right versus wrong.

KH    No. I also think that my name is on the docket sheet and the Judgment of Conviction, so how could I represent you?

SAS   I would give you my signature.

KH    …no, it's a conflict that I don't think would even be waived by the court. Let's put it that way. That's, you know. I could be a witness in this. So. You know. I wish I could help you. It's unfortunate. But Bill Dimitri , I have a lot of respect for Bill. Bill is one of the best attorneys in the state. I think everyone else kind of thinks that too. That's kind of like a universal thing. Bill is fantastic. Richard Ratcliff I know handles cases like that. But why don't you check with them and see if they can help you. You know. Bill would get back to you, I'm sure.

SAS   He told me he was going to be busy for the next three weeks, and you told me he was on a murder case.

KH    Yeah, a murder trial. Wish I could help you, man. Sorry. Alright? Good meeting you though. I'll see you later. Maybe (Ha! Ha! Ha!).

Providence County

State of Rhode Island vs    Stephen Sylvia

Case No: P2-2003-2750A

## JUDGMENT OF CONVICTION AND COMMITMENT

On the date(s) below came the attorney for the State and the defendant, who appeared in person and by counsel, before the justice of the Superior Court named below.

Prosecutor: Kevin Hagan
Defense Attorney(s): John M. Cicilline

**IT IS ADJUDGED** that the defendant, having entered a plea or having been found guilty as charged of the offense(s):

Count 1: Man/Del/Poss W/Int I/Ii N/Dep, Defendant Is A Violator Of A Previously Imposed Deferred Sentence, Sentenced By Judge Procaccini, 09-Nov-2005

    Violation Of Deferred    Sentence removed

    Suspended 5 Years

    Probation 5 Years

and the Court, having asked the defendant whether he/she has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court,

    **IT IS ADJUDGED** that the defendant is guilty as charged and convicted.

    **IT IS ADJUDGED** that the defendant is hereby committed to the custody of the warden of the Adult Correctional Institutions for the period stated above.

    **IF CONVICTED AFTER TRIAL,** the defendant has been advised of his/her right to appeal within twenty (20) days to the Supreme Court and of his/her right, if unable to pay the cost of an appeal, to apply for leave to be represented on appeal by the public defender or to appeal in forma pauperis.

    **IT IS ORDERED** that the Clerk deliver a certified copy of this judgment to the proper authority of the Adult Correctional Institutions and that the copy serve as the commitment of the defendant.

TRUE COPY ATTEST

_____        _____        11-22-05
Clerk                                          Justice, Superior Court                   Date

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## DEFENDANT'S PETITION TO WAIVE
## INDICTMENT/INFORMATION

### SUPERIOR COURT

☑ PROVIDENCE/BRISTOL   ☐ KENT   ☐ WASHINGTON   ☐ NEWPORT

| STATE OF RHODE ISLAND | CASE NO. *P2-05-3349* |
| VS. *Stephen Sylvia* | DISTRICT COURT CASE NO. *62/05-015434* |

The defendant in the above case appeared on ___*8-23-05*___ in the ___*bill*___
  DATE

Division of the District Court on the attached complaint charging the defendant with:

I, the defendant, by waiving indictment or information, understand that I am giving up the right to a preliminary determination of the merits of my case. I understand that I have the right to have the evidence in my case review by the grand jury or by a designated member of the Attorney General's office to determine if there is sufficient probable cause for my case to proceed from District Court to Superior Court. Acting with the benefit of counsel, I am freely, knowingly, and voluntarily waiving my right to that process in order to have my case heard in Superior Court today. I am waiving my right to this process as to the following charges only:

| Offense(s) | Offense Date(s) | Offense Location(s) City/Town |
| --- | --- | --- |
| CT 1 *Possession of Cocaine in excess of 1 oz.* | *7-17-05* | *Bristol* |
| CT 2 *Conspiracy* | | |

The defendant further represents to this Court that, pursuant to Rule 7 (b) of the Superior Court Rules of Criminal Procedure, the above are not offense(s) punishable by death or mandatory life imprisonment, and accordingly the defendant hereby waives the filing of: ☑ Indictment ☐ Information for said offense(s) and consents to being proceeded against by complaint.

_____          _____
DEFENDANT                        ATTORNEY FOR DEFENDANT

                                 *11-9-05*
                                 DATE

### ORDER

Petition granted. Habeas may issue returnable on _____
                                                    DATE

Assented to: _____   Enter: _____
            ATTORNEY GENERAL                  JUSTICE

                                              *11-9-05*
                                              DATE

DOCKET NO. 05-22-WA

| STATE EX REL | VS. DEFENDANT (NAME AND ALIAS) STEPHEN A SYLVIA Alias- J. Doe- STEVEN SYLVIA | STATE OF RHODE ISLAND DISTRICT COURT CRIMINAL COMPLAINT |

DEFENDANT ADDRESS AND PHONE 12. Hauptto. Co. RI 401-26c6375
33 ANNAWAMSCUTT DR   BRISTOL

| STREET | CITY | STATE | PHONE |

| DEF. D.O.B. 10/15/1983 | DEF. BCI NO. 10076299 | DEF. SOC. SEC. NO. 039561685 | DEF. M.V. LIC. NO. RI-9933329 | DETERMINE ATTY DATE | PRE TRIAL DATE |

| OFFENSE DATE 07/17/2005 | DIVERS DATE | OFFICER/COMPLAINANT DET. STEVEN P. CALENDA | PRE-ARRAIGN CONF DATE 10/28/66 | TRIAL DATE |

POLICE DEPT/COMPLAINANT ADDRESS
BRISTOL POLICE

| SUPERIOR CT ARRAIGN DATE 11/1/61 | MISC DATE/BAIL HRG/CONTROL |

TO ANY JUDGE OR JUSTICE OF THE PEACE: ON BEHALF OF THE STATE I SWEAR THAT THE ABOVE DEFENDANT DID COMMIT THE FOLLOWING OFFENSES:

| OFFICER/COMPLAINANT XDEJ Calenda | DATE 7/26/05 | SWORN TO BEFORE JUDGE/JUSTICE OF THE PEACE X Josma | DATE 7/26/0 |

INITIAL APPEARANCE

| APPEARANCE DATE | BAIL FOR ALL COUNTS $ | ARRAIGNMENT DATE | JUSTICE OF THE PEACE |

ARRAIGNMENT

| ARRAIGNMENT DATE 063c5 | ADVISED OF RIGHTS ☐YES ☐NO | JURY TRIAL WAIVED ☐YES ☐NO | PLEA COUNT 1 | PLEA COUNT 2 | PLEA COUNT 3 |

| BAIL FOR ALL COUNTS $25000 PS | ATTORNEY NAME | ☑PRIVATE ☐COURT APPT. ☐P.D. | JUDGE/JUSTICE OF THE PEACE X |

| COUNT 1 | STATUTE(S) VIOLATED 21-28-4.01.1(A) (2) | ☑FELONY | ☐MISDEMEANOR | ☐VIOLATION | ☐ORDINANCE |

DELIVERY OF 1 OZ to Kilo of COCAINE: Did unlawfully deliver to Brennan Hale a controlled substance to wit,an ounce of COCAINE as set forth in Schedule II of 21-28-2.08 of the general laws, as amended, in violation of 21-28-4.01(A)(2)(b)

| DISPOSITION ☐DISMISSAL ☐GUILTY PLEA ☐NOLO PLEA ☐GUILTY FINDING | ☐NOT GUILTY FINDING ☐CASE FILED 1 YEAR ☐INFO/TRUE BILL ☐NO INFO/NO TRUE BILL ☐OTHER____ | SENTENCE IMPOSED |

| PROCEEDING ☐ARRAIGN ☐PRE TRIAL ☐TRIAL ☐OTHER | APPEAL TAKEN ☐ | JUDGE X | DATE |

| COUNT 2 | STATUTE(S) VIOLATED 11-1-6 | ☑FELONY | ☐MISDEMEANOR | ☐VIOLATION | ☐ORDINANCE |

CONSPIRACY

d agree, combine, confederate, contrive, and conspire with ,Brennan Hale, to comit the crime of MANUFAC/POSS/DELIVER COCAINE-1OZ-1KG
CONSPIRACY

| DISPOSITION ☐DISMISSAL ☐GUILTY PLEA ☐NOLO PLEA ☐GUILTY FINDING | ☐NOT GUILTY FINDING ☐CASE FILED 1 YEAR ☐INFO/TRUE BILL ☐NO INFO/NO TRUE BILL ☐OTHER____ | SENTENCE IMPOSED |

| PROCEEDING ☐ARRAIGN ☐PRE TRIAL ☐TRIAL ☐OTHER | APPEAL TAKEN ☐ | JUDGE X | DATE |

| COUNT 3 | STATUTE(S) VIOLATED | ☐FELONY | ☐MISDEMEANOR | ☐VIOLATION | ☐ORDINANCE |

| DISPOSITION ☐DISMISSAL ☐GUILTY PLEA ☐NOLO PLEA ☐GUILTY FINDING | ☐NOT GUILTY FINDING ☐CASE FILED 1 YEAR ☐INFO/TRUE BILL ☐NO INFO/NO TRUE BILL ☐OTHER____ | SENTENCE IMPOSED |

| PROCEEDING ☐ARRAIGN ☐PRE TRIAL ☐TRIAL ☐OTHER | APPEAL TAKEN ☐ | JUDGE X | DATE |

| VICTIM(S) NOTIFIED ☐ARRAIGNMENT ☐PRE TRIAL ☐TRIAL | VICTIM(S) APPEARED ☐ARRAIGNMENT ☐PRE TRIAL ☐TRIAL | CASE TYPE ☐DOMESTIC VIOLENCE | IMMEDIATE APPEAL TAKEN DATE | JUDGE X | ADDITIONAL COUNTS ATTACHED N |

D001 3/99