UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STEPHEN SYLVIA,  :
    Plaintiff,  :
        :   C.A. No. 22-259-WES
v.  :   and
        :   C.A. No. 22-263-WES
STATE OF RHODE ISLAND,  :
    Defendant.  :

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On July 8, 2022, *pro se*[1] Plaintiff Stephen Sylvia filed a civil action based on 42 U.S.C. § 1983, captioned as 22-cv-00259, against the State of Rhode Island seeking compensatory and punitive damages caused by his 2005 arrest, conviction and sentence, which he alleges was unconstitutional in that the State used fabricated evidence during the prosecution in violation of his rights, including under the Fourteenth Amendment. 22-cv-259, ECF No. 1. Five days later, Plaintiff filed a second civil action, captioned as 22-cv-263, making essentially the same allegations, but also alleging that the State was not allowing him to present evidence in a pending post-conviction relief proceeding and related civil proceedings, which he alleges amounts to obstruction of justice. 22-cv-263, ECF No. 1. Both complaints were accompanied by substantially identical applications for leave to proceed *in forma pauperis* ("IFP"), which have been referred to me. 22-cv-259, ECF No. 2; 22-cv-263, ECF No. 2. Because Plaintiff has satisfied the requirements of 28 U.S.C. § 1915(a)(1), these IFP motions would be granted. However, in light of the IFP motions, the Court is required to preliminarily screen both pleadings pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] Because he is a *pro se* litigant, I have leniently reviewed Plaintiff's allegations and legal claims. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972) (per curiam).

To survive screening, analogous to surviving a motion to dismiss, a complaint must contain sufficient factual allegations to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Avelin v. South Kingstown Police Department, C.A. No. 22-00295-WES, 2022 WL 3646613, at *1 (D.R.I. Aug. 24, 2022) (standard for dismissal of an action taken IFP is identical to the standard for dismissal under Fed. R. Civ. P. 12(b)(6) motion to dismiss), adopted by Text Order (D.R.I. Sept. 14, 2022). Because neither of Plaintiff's pleadings nor the public record reflects that either Plaintiff's 2005 conviction or the 2005 violation based on his 2003 conviction has been invalidated, but rather establishes that his 2017 post-conviction relief ("PCR") application was denied and his 2021 PCR application remains pending in the Rhode Island Superior Court, this Court is barred from proceeding by the doctrine established by the Supreme Court in Heck v. Humphrey, 512 U.S. 477, 489-90 (1994) ("§ 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated"). Heck was recently reaffirmed in Thompson v. Clark, 142 S. Ct. 1332, 1335 (2022) (to maintain claim under § 1983, plaintiff must demonstrate, "that he obtained a *favorable termination* of the underlying criminal prosecution") (emphasis in original). Therefore, I recommend that both complaints be dismissed.

## I.     Background[2]

In 2003, Plaintiff was adjudicated guilty on a plea of nolo contendere for possession with intent to deliver and received a deferred sentence. State v. Sylvia, Case No. P2-2003-2750A (R.I. Super. Ct.). In 2005, Plaintiff was charged with possession with intent to deliver cocaine and was adjudicated guilty on a plea of nolo contendere, State v. Sylvia, Case No. P2-2005-

---

[2] This background is drawn from the complaints and the documents Plaintiff attached to his complaints. As indicated in the text, I have also relied on documents that are on the public docket in the Superior Court.

3349A (R.I. Super. Ct.), and as a violator of the deferred sentence imposed in Case No. P2-2003-2750A. An incarcerative sentence was imposed by the Rhode Island Superior Court Justice Procaccini in both cases. In 2017, with assistance of counsel, Plaintiff initiated a post-conviction relief proceeding challenging his 2005 conviction in Case No. P2-2005-3349A based on newly discovered evidence, specifically that his attorney (John Cicilline) had an undisclosed conflict of interest because of his own criminal misconduct. Sylvia v. State, Case No. PM-2017-5474 (R.I. Super. Ct. Nov. 15, 2017) (Application for Post-Conviction Relief); see generally United States v. Isom, CR No. 06-106-S, 2012 WL 1446039 (D.R.I. Apr. 26, 2012). Following a hearing, Superior Court Justice Procaccini dismissed this PCR petition and entered judgment in favor of the State on July 23, 2018. Id. (R.I. Super. Ct. July 23, 2018) (Judgment). On February 8, 2021, Plaintiff filed a second PCR petition, this time *pro se*, challenging both the 2005 conviction in Case No. P2-2005-3349A, as well as the adverse determination in the first PCR proceeding. Sylvia v. State, Case No. PM-2021-01098 (R.I. Super. Ct. Feb. 8, 2021) (Application for Post-Conviction Relief). On July 18, 2022, the State answered, denying all allegations and asserting the doctrines of laches and res judicata. Id. (R.I. Superior Ct. July 16, 2022) (Answer). The 2021 PCR remains pending.

**II.     Law and Analysis**

Pursuant to Heck, a civil action under § 1983 based on injuries caused by an allegedly illegal conviction or sentence is premature and must be dismissed "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck, 512 U.S. at 489. When Heck is a bar, dismissal without prejudice at screening is appropriate. See, e.g., Munir v. Superior Ct., C.A. No. 22-39MSM, 2022 WL 669699, at *2 (D.R.I. Mar. 7, 2022) (dismissal at screening without prejudice of complaint that

"appears to transgress the well-settled principle that civil claims that would undermine or interfere with ongoing state criminal proceedings and/or would constitute an impermissible collateral attack on a state criminal conviction may not proceed until the underlying criminal case is completed"), adopted sub nom., Munir v. Rhode Island Superior Ct. Corp., 2022 WL 844233 (D.R.I. Mar. 22, 2022); Williams v. Frey, No. 2:21-cv-00111-JAW, 2022 WL 203085, at *2 (D. Me. Jan. 24, 2022) (dismissal without prejudice at screening; "§ 1983 plaintiff must show either that his conviction or sentence has been reversed or make a claim for damages that would not invalidate the conviction or sentence"); Diaz v. Rhode Island, C.A. No. 21-208-JJM-PAS, 2021 WL 2000478, at *2 (D.R.I. May 19, 2021) (dismissal without prejudice at screening because there is "no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned").

Plaintiff's claims in both cases rest on the proposition that his 2005 conviction and his 2005 sentence for violating his 2003 sentence conditions should be vacated because both were based on fabricated evidence and prosecutorial misconduct. Because those convictions remain intact, with the first PCR challenge having been rejected and the second newly initiated and still pending, Plaintiff's claims in both 22-cv-259 and 22-cv-263 are Heck-barred. Therefore, I recommend that both cases be dismissed without prejudice.

### III. Conclusion

Based on the foregoing analysis, I recommend that Plaintiff's complaint in 22-cv-259 (ECF No. 1) be dismissed without prejudice and that the IFP motion (ECF No. 2) be denied as moot. Likewise, I recommend that Plaintiff's complaint in 22-cv-263 (ECF No. 1) be dismissed without prejudice and that the IFP motion (ECF No. 2) be denied as moot.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 26, 2022